UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos MIRANDA–GODOY, aka Andres
Sarceno, aka Shorty, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Carlos Miranda–Godoy, aka Carlos Mi-
randa, aka Andres Ricardo Sarce-
no, Defendant–Appellant.

Nos. 14–10288, 14–10291.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2015.*

Filed Sept. 30, 2015.

Kevin James Barry, Meredith Blagden
Osborn, Barbara Valliere, Assistant U.S.,
Office of the U.S. Attorney, Adam L.
Wright, Assistant U.S., U.S. Department
of Justice, San Francisco, CA, for Plain-
tiff–Appellee.

Elizabeth Meyer Falk, Assistant Feder-
al Public Defender, Federal Public De-
fender's Office, San Francisco, CA, for De-
fendant–Appellant.

Before: W. FLETCHER, BERZON,
and BEA, Circuit Judges.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Carlos Miranda–Godoy appeals his con-
viction for being a felon in possession of a
firearm, in violation of 18 U.S.C. § 922(g).
He also appeals the district court's impo-
sition of a 120–month sentence for the
conviction and a one-year consecutive sen-
tence for violating the conditions of super-
vised release from a prior case.

Sufficient evidence supports the
§ 922(g) conviction. "[A]fter viewing the
evidence in the light most favorable to the
prosecution, *any* rational trier of fact could
have found the essential elements of the
crime beyond a reasonable doubt." *Unit-
ed States v. Nevils*, 598 F.3d 1158, 1163–64
(9th Cir.2010) (quoting *Jackson v. Virgi-
nia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979)).

The district court did not commit proce-
dural error when it sentenced Miranda–
Godoy to 120 months of imprisonment for
the § 922(g) violation. The district court
did not clearly err in finding by clear and
convincing evidence that Miranda–Godoy
committed attempted murder. U.S.S.G.
§§ 2A2.1(a), 2K2.1(c); *see also United
States v. Armstead*, 552 F.3d 769, 776 (9th
Cir.2008).

The district court did not err when it
sentenced Miranda–Godoy to 12 months of
imprisonment for violating the terms of his
supervised release. Courts "may not im-
pose a revocation sentence *solely*, or even
primarily, based on the severity of the new
criminal offense underlying the revoca-
tion." *United States v. Simtob*, 485 F.3d
1058, 1063 (9th Cir.2007). The district
court did not sentence Miranda–Godoy for
the supervised release violation "solely, or

---

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

even primarily, based on" the felon in possession conviction. It considered Miranda–Godoy's criminal history and the likelihood that he would resume gang activity in the future, which are permissible sentencing considerations.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.